## Big Sandy & Kentucky River Railway Company v. Rice.

(Decided December 12, 1924.)

### Appeal from Johnson Circuit Court.

1. Trial—Refusal to Transfer Case to Equity Held Without Error.— In action against railroad for wrongful cutting down of apple trees wherein defendant counterclaimed, alleging a continuing trespass by plaintiff on its right of way, where pleadings raised no issue as to title of land involved, it was not error to deny motion to transfer case to equity for purpose of having title quieted.

2. Trespass—One Aiding in Cutting of Trees to which he Claimed Title Held Not Entitled to Maintain Trespass.—One who aided railroad employes in cutting apple trees on its right of way to which he claimed title after an alleged agreement by railroad's vice president to compensate him for them, held not entitled to thereafter maintain action in trespass based on such cutting.

C. B. WHEELER for appellant.

HOWES & HOWES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming in part and reversing in part.

The appellee brought this suit against the appellant averring that the agents of the appellant had, without right or authority and against the will and consent of appellee, cut down four apple trees belonging to him but growing on the appellant's right of way. The answer of the appellant traversed the alleged trespass and pleaded by way of counterclaim that the appellee had on July 7, 1913, deeded the right of way in question to appellant but had since breached certain conditions of that deed to appellant's damage.

This deed conveyed to appellant a fee simple title in a right of way through appellee's farm and in addition thereto the right to construct and maintain a stop on

the remaining lands of the appellee, and also "when its business demanded" a siding on that land. The deed also provided that the appellant had the right, among other things, to go on this right of way thus conveyed to it "and cut down and remove any and all standing timber from said strip, except to save apple trees where it is possible to do so," and further provided that the appellee had the right to use the right of way not in use by appellant or needed in the use and operation of its railroad, such use, however, not to be inconsistent with or in any way to hinder or impede the proper construction and operation of said railroad.

The breaches of these conditions in the deed on the part of the appellee claimed by appellant in its counterclaim were that the appellee had refused to give land for a stop or for a siding, and had interfered by his possession of the right of way with the proper use and management of the railroad. At the time appellant filed its answer, it moved the court to transfer the case to equity on the ground that appellee's use of the right of way constituted a repeated and continuing trespass, and it desired to have its title quieted. This motion the lower court overruled, and in so doing was correct, for the pleadings disclosed no dispute between the parties to this litigation concerning the title to the land but only concerning their respective rights under the deed above mentioned.

On the trial, it appeared that appellant had long since constructed its railroad and, at the time of the cutting of the apple trees, was building a telephone line alongside its tracks for the purpose, as it said, of the efficient operation of its railroad. The four apple trees in question were growing on the right of way near the railroad tracks and when the workmen came to them and started to fell them, the appellee forbade them doing so, believing that the appellant under its deed had no right to cut these trees since the telephone line might have been constructed without harm to them, either by the use of taller poles or insulated wires or by crossing the tracks and proceeding on the other side. At this point, the vice-president of the appellant appeared on the scene and told the appellee that if he would let the men go ahead and cut down the trees he, according to appellee's testimony, would have the railroad pay him for them, but according to appellant's testimony, would see that appellee was paid if anything was due him. Relying on this

agreement, as he understood it, the appellee not only consented to the workmen cutting down the trees but assisted them in the felling and the disposal of them.

Later the vice-president of the appellant, after rereading his deed, decided that appellant had the right under its deed to cut down these trees, since in his judgment, it was not possible to save them in the proper operation of the railroad and he declined to pay the appellee anything.

So far as appellee's claim is concerned, it is apparent from the foregoing statement of the evidence that he cannot maintain this action in trespass since the cutting was not only not done against his will and consent but with his entire concurrence, help and assistance. Had he pitched his case on a contract of compromise he would have had a standing in court because there was a *bona fide* dispute between the parties as to the right of the appellant to cut these trees under its deed and, instead of litigating the matter out, appellant had chosen, if appellee's testimony be true, to compromise it. However, the court on the issues raised by the pleadings and the evidence as above stated should have sustained appellant's motion for a peremptory instruction in its favor as to appellee's cause of action. When this case is returned to the lower court, the appellee will be permitted to amend his petition if he desires and to set up an action in contract. The question can then be tried out whether a compromise was made as claimed by him, or not as claimed by appellant.

So far as the appellant's counterclaim is concerned, the witnesses on both sides testified that there was a stop on appellee's land. There is no averment in the pleadings nor testimony in the evidence that there was any business which demanded a siding, a condition precedent to appellant's right to have it constructed. Further, there was no competent evidence introduced to show any interference by the appellee's use of the right of way with the proper construction or operation of the railroad. Appellee had a right to use this right of way so long as it did not interfere with the proper construction and operation of the railroad. Hence the verdict of the jury and the judgment of the court dismissing the appellant's counterclaim was correct.

It is, therefore, the judgment of this court that the judgment of the lower court dismissing the appellant's

counterclaim be affirmed, but that insofar as it gave judgment to appellee on his claim, it be reversed with directions to grant a new trial in accordance with this opinion.

Affirmed in part and reversed in part.